# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 24, 2022
Lyle W. Cayce
Clerk

No. 21-10556

United States of America,

*Plaintiff—Appellee,*

versus

Joshua Seekins,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
No. 3:19-CR-563

Before Stewart, Elrod, and Graves, *Circuit Judges*.

Per Curiam:[*]

Joshua Seekins was convicted by a jury of being a felon in possession of ammunition, in violation of 18 U.S.C. § 921(g)(1), for possessing two shotgun shells which he claims he found. He was sentenced to 70 months' imprisonment after the district court concluded that a flare gun, modified to accept shotgun shells, counted as a "firearm" for the purposes of U.S.S.G.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10556

§ 2K2.1(a)(4)(B)(II)(ii)(I). Seekins challenges the sufficiency of the evidence supporting his conviction, the constitutionality of § 921(g)(1)'s application to his conduct, and the conclusions underlying the § 2K2.1 firearm enhancement. We AFFIRM.

I.

We first address Seekins' arguments that the government failed to prove each element of his conviction offense and that § 922(g)(1) is unconstitutional as applied to his conduct in this case. Where, as here, a defendant preserved a general sufficiency-of-the-evidence challenge by moving for acquittal under rule 29 at the close of the government's case-in-chief and at the close of all of the evidence, we review de novo a denial of a motion for judgment of acquittal. *United States v. Myers*, 104 F.3d 76, 78 (5th Cir. 1997). The jury's verdict will be affirmed "if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt." *Id*. In assessing evidentiary sufficiency, we do "not evaluate the weight of the evidence or the credibility of the witnesses, but view the evidence in the light most favorable to the verdict, drawing all reasonable inferences to support the verdict." *United States v. Girod*, 646 F.3d 304, 313 (5th Cir. 2011).

To convict under 18 U.S.C. § 922(g)(1), the government must prove four elements: (i) Seekins was a felon; (ii) Seekins knew he was a felon; (iii) Seekins knowingly possessed ammunition; and (iv) the ammunition traveled in interstate commerce. *Rehaif v. United States*, 139 S. Ct. 2191, 2195-96 (2019); *United States v. Huntsberry*, 956 F.3d 270, 281 (5th Cir. 2020). Seekins challenges the third and fourth elements.

A.

Seekins first contends that the "district court erred in denying the defendant's motions for judgment of acquittal because the government failed

to prove that [he] knew his bullets were ammunition rather than flare shells." The government conceded below that flare shells are not ammunition under § 922(g), and thus the jury was instructed that "a safety flare" was not ammunition. Despite that instruction, the jury concluded that Seekins knew that he held shotgun shells and not flare cartridges.

The district court did not err in concluding that a jury could reasonably find that the government proved Seekins' knowledge. On the one hand, as Seekins notes, flare shells and shotgun shells are quite similar in appearance. They are alike in size and color. On the other hand, several witnesses testified that a shotgun shell is "significantly heavier than a flare cartridge." The jury also learned that Seekins had previously possessed several 12-gauge shotguns, and therefore it could reasonably infer that Seekins was familiar with shotgun ammunition. Further, Seekins' arresting officer described asking Seekins why he had a shotgun shell, and Seekins simply responded that he had found it and did not express surprise at the officer's description of the ammunition. Finally, Seekins had a flare gun that was visibly modified to accept shotgun shells. Although there is no evidence that Seekins modified the flare launcher himself, the jury could reasonably infer that Seekins must have known he held shotgun shells, as modification would have been unnecessary if he held mere flare cartridges. Viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences to support the verdict, *see Girod*, 646 F.3d at 313, this was enough to support the jury's conclusion that Seekins knew he possessed shotgun shells and not flare cartridges.

B.

The bulk of Seekins' argument on appeal addresses the interstate commerce element, whether in the form of an "as-applied constitutional

challenge"[1] or as a sufficiency-of-the-evidence argument. We address each argument in turn, though we note that the two arguments are functionally identical. *See, e.g.*, *United States v. Rawls*, 85 F.3d 240, 243 (5th Cir. 1996) (holding, in rejecting an as-applied Commerce Clause challenge to a § 922(g) conviction, that the "*evidence* [wa]s sufficient to establish a past connection between the firearm and interstate commerce" (emphasis added)); *United States v. Crenshaw*, 359 F.3d 977, 984 (8th Cir. 2004) ("We first note that the 'as applied' constitutional challenge [to a VICAR conviction under the Commerce Clause] is really not a constitutional objection at all, but is a challenge to the sufficiency of the evidence supporting the jury verdict.").

First, the government introduced enough evidence that Seekins' shotgun shells traveled in interstate commerce, and that is all our caselaw requires to satisfy the interstate commerce element. That element is satisfied where the government demonstrates that the ammunition was manufactured out of state. *See United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005). The district court therefore correctly instructed the jury that it had to be convinced beyond a reasonable doubt that "the ammunition possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the ammunition, it had traveled at some time from one state to another or between any part of the United States." *See* Fifth Circuit Pattern Jury Instructions (Criminal) § 2.43D. With ample testimony that Seekins' shotgun shells were manufactured in Illinois, the evidence was sufficient to show that they had traveled in interstate commerce. Though Seekins points to contrary but speculative testimony, the

---

[1] Seekins also mounts a brief facial challenge to § 922(g)'s constitutionality. But Seekins concedes that this argument is foreclosed under our precedent. *E.g.*, *United States v. Willingham*, 310 F.3d 367, 373 (5th Cir. 2002).

jury was entitled to choose among any reasonable construction of the evidence, *see United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007), and the resolution of conflicts in the evidence was solely within the jury's domain, *see United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992). The district court therefore did not err in denying Seekins' motion for judgment of acquittal.

Seekins' second argument—that § 922(g)(1) cannot constitutionally be applied to found ammunition—fails under our caselaw. We have long held that § 922(g) can be constitutionally applied where the "in or affecting commerce" element is proved by showing the *firearm* had previously traveled across state lines without regard to the defendant's conduct. *E.g.*, *United States v. Kuban*, 94 F.3d 971, 973 (5th Cir. 1996); *Rawls*, 85 F.3d at 242; *United States v. Pierson*, 139 F.3d 501, 503 (5th Cir. 1998); *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999). "There is no additional requirement that, to apply the law constitutionally, the Government must prove some economic activity beyond the interstate movement of the weapon." *United States v. Collins*, 573 F. App'x 374, 375 (5th Cir. 2014) (citing *United States v. Meza*, 701 F.3d 411, 418 (5th Cir. 2012)). That Seekins purportedly found the shotgun shells is thus of no moment. We therefore affirm the district court's denial of Seekins' motions to dismiss and for acquittal.

## II.

Seekins next argues that the district court "miscalculated" the guidelines imprisonment range for his offense. He challenges the district court's conclusion that Seekins' modified flare gun constitutes a "firearm" under 26 U.S.C. § 5845(a). *See* U.S.S.G. § 2K2.1(a)(4)(B)(i)(II). We need not resolve this novel question of whether a modified flare gun amounts to a

firearm under § 5845(a), because any error in the district court's conclusion is harmless.

As relevant here, harmlessness can be shown if the district court considers both the incorrect and correct ranges and explains that it would have given the same sentence in either case. *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017). The district court expressly stated that it would impose the same sentence even without the enhancement, opining that a 70-month sentence "is an appropriate, fair and reasonable sentence, taking into account all the factors under 18 [U.S.C. §] 3553(a)." Seekins argues that the district court should have expressly stated its consideration of the lower guidelines range, but we do not "demand 'magic words' or 'robotic incantations' from district judges." *United States v. Vega-Garcia*, 893 F.3d 326, 328 (5th Cir. 2018). Instead, "when a district court entertains arguments as to the proper guidelines range and explicitly states that it would have given the same sentence it did regardless, any error in the range calculation is harmless." *United States v. Nanda*, 867 F.3d 522, 531 (5th Cir. 2017) (citations omitted); *see United States v. Medel-Guadalupe*, 987 F.3d 424, 429 (5th Cir.), *cert. denied*, 141 S. Ct. 2545 (2021) ("[T]he district court was aware of the guidelines range absent the enhancements because Medel-Guadalupe advised the court of this range in his written PSR objections."). Here, Seekins twice requested the alternative guidelines range of 37-46 months. Nonetheless, the district court determined that a 70-month sentence was fair and reasonable even absent the § 2K2.1(a)(4)(B)(II)(ii)(I) enhancement. The district court's statements at sentencing, taken in their totality, are sufficient to support application of the harmless error doctrine. *Vega-Garcia*, 893 F.3d at 327-28.

In summary, we AFFIRM the district court's judgment and sentence.